Per Curiam.

On June 5,1951, a decision of the Board of Tax Appeals in the instant case was entered on its journal. Within 30 days, a notice of appeal from that decision was filed by appellant. Thereafter, within 20 days after the filing of that notice of appeal, but more than 30 days after the decision of the Board of Tax Appeals, a notice of cross-appeal from that decision was filed by appellee in this court.
Rule II, Section 1 (C) of this court provides:
“A notice of cross-appeal may be filed in this court by an adverse party within 20 days after copy of notice of appeal is filed in this- court-. ” -
The cause is now before the cohrt on a motion to dismiss the cross-appeal. .
This court has only, to use the words of Section 2, Article IY of the Constitution, “such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law.”
*404 The only jurisdiction so conferred by law with respect to the Board of Tax Appeals is conferred by Section 5611-2, General Code, which requires that the appeals therein provided for “shall be taken within thirty days after the date of the entry of the decision of the Board of Tax Appeals * * * by the filing by appellant of a notice of appeal. ’ ’ Where such notice of appeal is not filed within such thirty-day period, the appeal will be dismissed because jurisdiction to revise the proceedings of the Board of Tax Appeals has been “conferred by law” upon this court only where such notice of appeal has been filed within that time. See, for example, Oliver v. Evatt, Tax Commr., 144 Ohio St., 231, 58 N. E. (2d), 381; Lutz v. Evatt, Tax Commr., 144 Ohio St., 341, 635, 58 N. E. (2d), 955.
There are no statutory provisions for any notice of so-called cross-appeal. One who desires to have this court review a decision of the Board of Tax Appeals must, therefore, comply with the statutory provisions relative to appeals from the Board of Tax Appeals.
To hold, that any rule of this court may authorize a cross-appeal from a decision of the Board of Tax Appeals, would be the equivalent of holding that this court has the power and authority to confer upon itself “by law” a revisory jurisdiction of the proceedings of the Board of Tax Appeals. Nothing in the Constitution vests any such legislative power in this court. On the contrary, the legislative power of the state is vested in the General Assembly. See Constitution, Section 1, Article II.
This court may make rules “with respect to the procedure in the Supreme Court not inconsistent with the laws of the state” (Section 12223-47, General Code), but it may not make rules enlarging its jurisdiction to hear cases beyond that which the Constitu *405 tion gives it or beyond that given it by laws passed by the General Assembly pursuant to constitutional authority.

Gross-appeal dismissed.

Zimmerman, Stewart, Middleton, Taet, Matthias and Hart, JJ., concur.